**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marina Flournoy and Jason Flournoy,<br><br>Plaintiffs,<br><br>vs.<br><br>BAC Home Loan Servicing LP, et al.,<br><br>Defendants. | No. CV-11-01234-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants' "Motion to Dismiss Amended Complaint" (Doc. 10). Defendants filed their motion on August 22, 2011. This District's local rules required Plaintiffs to respond by September 8, 2011. LRCiv 7.2(c); *see also* Fed. R. Civ. P. 6(d). Plaintiffs filed no response. On this basis alone, the Court could grant Defendants' motion. LRCiv 7.2(i). However, as explained below, the Court will grant Defendants' motion on its merits.

**I. BACKGROUND**

Plaintiffs Marina and Jason Flournoy owned a home in Laveen, Arizona. The loan was funded by non-party Stone Creek Funding Corporation. As with many recent home loans, Defendant MERS was the nominee named on recorded documents. Eventually,

the note ended up in the hands of Defendant Bank of New York Mellon. Defendants BAC Home Loan Servicing and Bank of America acted as servicer.

For unspecified reasons, the Flournoys fell behind on their house payments. Defendant Recontrust was appointed as trustee and took the necessary steps to sell the Flournoys' home through a trustee's sale. The record does not make clear whether the Flournoys have since moved out of, or been evicted from, the home.

The Flournoys filed a complaint with this Court on June 23, 2011. Defendants then moved to dismiss. The Flournoys responded with an amended complaint, as permitted by Fed. R. Civ. P. 15(a)(1)(B), and Defendants have again moved to dismiss.

## II. LEGAL STANDARD

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. A proper complaint needs no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim," *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

If a plaintiff alleges a fraud-based cause of action, Fed. R. Civ. P. 9(b) requires the plaintiff to "set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is

false." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc). The plaintiff can usually satisfy this requirement by alleging the identity of the person who made the misrepresentation; the time, place, content, and manner of the misrepresentation; the persons who heard, read, or otherwise received the misrepresentation; and the injury caused by reliance on the misrepresentation. 2 James Wm. Moore, *Moore's Federal Practice* § 9.03[1][b] (3d ed. 2010).

Specifically with regard to allegations of identity, "there is no absolute requirement that where several defendants are sued in connection with an alleged fraudulent scheme, the complaint must identify false statements made by each and every defendant." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). However,

> Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. . . . [A] plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme.

*Id.* at 764–65 (alterations incorporated; citations and internal quotation marks omitted).

In evaluating a motion to dismiss, courts accept all of the plaintiff's plausible factual allegations as true and construe the pleadings in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

### III. ANALYSIS

#### A. The Complaint Generally Fails to Satisfy Rules 8(a) and 9(b)

The Flournoys' complaint is an awkward collage of accusations against the home loan industry. Such disjointed and rambling claims — many asserted against non-parties — do not satisfy Rule 8(a)'s "fair notice" requirement, and the amended complaint fails on that basis alone. To the extent the Flournoys intended to accuse Defendants of fraud or fraud-like wrongdoing, the complaint *a fortiori* does not satisfy the stricter Rule 9(b) standard. The amended complaint will therefore be dismissed.

**B. The Flournoys' Individual Causes of Action Fail As a Matter of Law**

Each of the Flournoys' discrete causes of action also fails on its own merits, as discussed below.

**1. First Cause of Action: "Estoppel/Declaratory Judgment"**

The Flournoys title their first cause of action "estoppel/declaratory judgment," but the cause of action is really a claim that Bank of America, as servicer, has some sort of duty to disclose to the Flournoys the entities for whom it is acting as agent. Bank of America's failure to do so, the Flournoys argue, should estop Bank of America from foreclosing.

Bank of America did not foreclose on the Flournoys' home — the trustee did, on behalf of the beneficiary. And Bank of America cannot be estopped from doing something that already happened. But even construing the Flournoys' request as general one to unwind the trustee's sale, their claim fails. No legal principle requires the servicer to disclose the entity for whom it acts as agent on pain of losing the authority to foreclose. Accordingly, the Flournoys' first cause of action fails.

**2. Second Cause of Action: Untitled**

The Flournoys give no name to their second cause of action, which generally accuses all Defendants of lacking authority to foreclose. The Flournoys do not clearly state how the Defendants lost (or failed to acquire) the proper authority, but the Flournoys imply that the securitization process and the MERS system were involved. They also appear to assert the "show me the note" theory.

"Show me the note" states no claim in Arizona, *see Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009), nor does the MERS arrangement or securitization necessarily invalidate any interests or authority, *see generally Cervantes v. Countrywide Home Loans, Inc.*, __ F.3d __, 2011 WL 3911031 (9th Cir. Sept. 7, 2011). Therefore, the Flournoys' second cause of action fails.

### 3. Third Cause of Action: Quiet Title

The Flournoys next ask the Court to quiet title in their former home, but quiet title is not an available remedy these circumstances. If the Flournoys want to quiet title in their home, they must pay off the loan they used to buy the home. *Eason v. IndyMac Bank, FSB*, CV09-1423-PHX-JAT, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010); *Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Their Complaint contains no allegation that they are prepared to pay off the loan. The Court will therefore dismiss the quiet title cause of action.

### 4. Fourth Cause of Action: Accounting

The Flournoys ask for an "accounting," which they interpret as a full record of "the illegal transfers of their promissory note and the Securitization of their promissory note." (Doc. 4 at 31.) The Flournoys admit receiving "[u]nsubstantiated computer records" from Bank of America. "But," they say, "whether prior payments have being [*sic*] allocated and transmitted properly to the Creditor or whether third parties made some payments either . . . remain obscured by these defendants[.]" (*Id*. at 32.)

Actions for an accounting are usually reserved for situations in which one party entrusts property to another in a fiduciary relationship. *Dooley v. O'Brien*, 226 Ariz. 149, ¶ 21, 244 P.3d 586, 591–92 (Ct. App. 2010). Absent a special agreement, a debtor-creditor relationship in Arizona is not a fiduciary relationship. *See McAlister v. Citibank*, 171 Ariz. 207, 212, 829 P.2d 1253, 1258 (Ct. App. 1992) (bank owed no fiduciary duty to borrower); *cf. Stewart v. Phoenix Nat'l Bank*, 49 Ariz. 34, 44, 64 P.2d 101, 106 (1937) (special relationship between debtor and creditor existed only because bank officers and directors had been debtor's financial advisors for 23 years). "There is no statutory requirement that the [homeowner/borrower] be supplied with a complete accounting," *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 286–87, 17 P.3d 790, 792–93 (Ct. App. 2000), nor is there any Arizona authority otherwise establishing anything like a right to an accounting in these circumstances. Accordingly, the Flournoys are not entitled to an accounting.

If some third party has, in fact, made payments of the Flournoys' loan, they might have a valid claim, but this allegation is not "plausible on its face" and therefore fails the requirements of Rule 8(a). According to judicial experience and common sense, *see Iqbal*, 129 S. Ct. at 1950, third parties rarely pay off a private borrower's mortgage debt gratuitously. And if the Flournoys here refer to the securitization process, they mistake its effect. A third party may have purchased the Flournoy note from the original lender, but that does not excuse the Flournoys from making payments on the note. It simply changes the party to whom those payments are owed. The fact that a servicer handles such payments makes no difference. The Flournoys therefore state no claim by asserting that a third party has paid off their loan.

### 5. Fifth Cause of Action: "Refund Fees and Costs"

The Flournoys' final cause of action is actually an accusation that Defendants have violated Fed. R. Civ. P. 11 by representing to this Court that they possessed authority to foreclose. Therefore, the Flournoys argue, Defendants should be sanctioned by reimbursing unspecified fees and costs.

This is not an appropriate method of presenting a Rule 11 objection, and no basis for sanctions appears on this record in any event. Thus, the Flournoys' fifth cause of action states no claim.

### C. Leave to Amend

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Flournoys do not merit leave to amend at this stage. Leave to amend need not be granted where there exist circumstances "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Flournoys' refusal to defend against Defendants' motion to dismiss displays a dilatory motive, and is effectively the same as failing to cure

1  deficiencies in a previously complaint.  Accordingly, the Flournoys will not receive leave
2  to amend.
3      IT IS THEREFORE ORDERED that Defendants' "Motion to Dismiss Amended
4  Complaint" (Doc. 10) is GRANTED.
5      IT IS FURTHER ORDERED that the Clerk enter judgment dismissing this case
6  with prejudice.  The Clerk shall terminate this action.
7      Dated this 28th day of September, 2011.

*Neil V. Wake*
United States District Judge